IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN W. WINNINGHAM, JR.                                                              PLAINTIFF

v.                               Civil No. 5:24-cv-05119-TLB

WACHTER INC.;                                                                        DEFENDANTS
MATTHEW CRAIG;
JOHN STROUD;
JOSH

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, John W. Winningham, Jr., ("Winningham"), filed this action alleging claims under 42 U.S.C. §§ 1983 and 1985(3); The Workforce Investment Act of 1998; the Sherman act of 1890; the Clayton Act of 1914; the National Labor Relations Act of 1935; and the Whistle Blower Protection Act. Winningham proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 15) under 28 U.S.C. § 1915(e)(2).

**I.     BACKGROUND**

Winningham filed his original Complaint on May 31, 2024. (ECF No. 2). On the same date, he filed a Motion to Proceed IFP. (ECF No. 3). Winningham was ordered to complete a long form IFP, which he submitted on June 28, 2024, (ECF Nos. 5, 6), and his Motion for Leave to Proceed IFP was granted on July 2, 2024. (ECF No. 7). Upon review of Winningham's Complaint, it was determined that the complaint form he used was not properly completed leaving

it difficult, if not impossible, to determine what claims he was asserting against each of the named Defendants. For this reason, Winningham was ordered to file an Amended Complaint by July 23, 2024. (ECF No. 9). Winningham filed a Motion for Extension of Time to Amend Complaint on July 22, 2024, which was granted, and a Second Motion for Extension of Time to file an Amended Complaint on August 12, 2024, which was also granted. (ECF No. 9, 10, 11, 12). Winningham timely filed an Amended Complaint on August 21, 2024, which is before the Court for screening. (ECF No. 15).

Winningham alleges he was sent to Pennsylvania for work by Defendants without being provided any funds for the trip. (ECF No. 15). He alleges that he was not advanced funds from his wages until the next day, while others hired through temp agencies were provided funds before leaving. *Id*. Winningham alleges that he was sent to update software for Giant Supermarkets without adequate training or equipment, and without funding for lodging and meals. *Id*. Winningham alleges that his employer made the workplace difficult for him, and attempted to defame, slander, and libel him. (ECF No. 2, p. 5).

Winningham requests relief of twenty million dollars for lost wages including failure to train and failure to provide lodging, meals, and proper equipment. (ECF No. 15). Winningham offers to engage in settlement discussions but would not be willing to settle for less than twenty million dollars which would include damages for pain and suffering including being defamed, slandered, and libeled. *Id*.

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III.     DISCUSSION

The claims asserted in the Amended Complaint are subject to dismissal for several reasons. Even considering the Complaint and Amended Complaint together and giving them an extremely liberal reading, Winningham has failed to provide sufficient factual allegations from which the Court could reasonably infer that any of the Defendants violated his Constitutional rights. First, Section 1983 provides a federal cause of action for the deprivation, under color of law, of a

citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Winningham fails to allege that any of the Defendants acted under the color of law or violated his Constitutional rights in either of his pleading; notably, Winningham did not reassert this claim in his Amended Complaint. (ECF Nos. 2, 15). In his original Complaint, Winningham also asserted a claim under 42 U.S.C. § 1985(3), which relates to conspiracy to interfere with civil rights specifically depriving a person of rights or privileges. (ECF No. 2, p. 3). While Winningham did not reassert this claim in his Amended Complaint, this claim is also unsupported by any facts alleged. Damage to reputation is not considered a liberty or property interest redressable under the Constitution. *Paul v. Davis,* 424 U.S. 693, 711-12 (1976) (determining that regardless of the seriousness of the defamatory publication, the harm to plaintiff's reputation "did not deprive him of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) ("a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or the laws of the United States").

      Winningham also asserts a claim under the Workforce Investment Act of 1998, which was repealed and replaced by the Workforce Innovation and Opportunity Act in 2014. (ECF No. 15, p. 2). However, Winningham does not allege that any Defendant was participating in any job training partnerships, used any labor exchange services, or was otherwise covered by the Act. In his original Complaint, Winningham alleged he felt section 188 of the Workforce Investment Act had been

violated, however that section pertains to nondiscrimination and Winningham has not alleged that he was discriminated against, but rather that he was treated poorly in a similar manner to other employees.

Winningham next asserts a claim under the National Labor Relations Act of 1935, which is codified at 29 U.S.C. §§151–169. (ECF No. 15, p. 2). He does not, however, assert any claims that he attempted to join or organize a trade union or engage in collective bargaining of any kind. Winningham asserts that this Act prohibits any employer from making the workplace difficult for any employee including defamation, slander, and libel. Winningham has failed to assert a claim under the National Labor Relations Act of 1935.

Winningham next asserts a claim under the Clayton Antitrust Act of 1914 codified at 15 U.S.C. §§12-27; however, he does not allege that any Defendant was engaged in actions that restricted competition. (ECF No. 15, p. 2). Rather, he asserts that this Act prohibits any employer from making the workplace difficult for any employee including defamation, slander, and libel. Winningham has failed to assert a claim under the Clayton Antitrust Act of 1914.

Finally, in his original Complaint, Winningham asserted that he asserted a claim under the "Whistle Blower Act" but did not specify which whistleblower act he feels was violated and does not provide any factual allegations that he was retaliated against for reporting wrongdoing on the part of his employer. Therefore, Winningham has failed to assert a claim under any Whistle Blower Act.

## IV.   CONCLUSION

For these reasons, it is recommended that Winningham's case be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**Status of Referral:** Entry of this Report and Recommendation terminates the referral.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 27th day of September 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE